I agree with the conclusion of the majority that the claim brought on behalf of the Massillon Museum by the State Attorney General to contest the validity of the holographic will of N. Knute Morelli is barred because it was untimely filed pursuant to the time limit set forth for filing such actions in Revised Code Section 2107.76. I disagree with the conclusion of the majority that the time limitation set forth in R.C. 2107.76 applies against the State. The majority concludes that the time limit set forth in Revised Code 2107.76 applies against the State in spite of the common law rule of nullum tempus occurrit regi (time does not run against the king). The majority's conclusion is based on the reasoning that R. C. 2107.76 is not a "generally worded" statute of limitations because it is limited in its application to will contests in Probate Court, a court of limited jurisdiction. However, from a reading of the cases in this area it appears that a generally worded statute of limitations is a statute that does not expressly set forth that it applies against the State. This definition of a generally worded statute of limitations is supported by Justice Holmes of the Ohio Supreme Court when he sets forth the issue to be decided in Ohio Dept. of Transportation v. Sullivan (1988),38 Ohio St.3d 137, 138. He states, "[t]he sole issue presented for our review is whether the long-established rule, that a statute of limitations does not apply as a bar to the rights of the State unless expressly named in the statute, has become outdated and without effect." Most importantly, the syllabus of Sullivan, supra, states "[t]he State, absent expressed statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations . . .". R. C. 2107.76 does not expressly set forth that it applies against the State and I, therefore, would conclude that it is a "generally worded" statute of limitations that does not apply against the State. However, I do not agree with the conclusion of the majority that the State is the real party in interest in the case sub judice. While it is true that the Ohio Attorney General is granted duties and responsibilities under R.C. Sections 109.23 to 109.33 in regard to charitable trusts, R.C. Section 109.24 sets forth that these powers granted to the Attorney General "shall be in addition to and not in limitation of his powers held at common law." In other words, these powers are statutorily created and not the powers possessed at common law by the Attorney General of the State. Charitable trusts and charitable foundations are set up for the public good but they are set up with non-state monies. The State, by statute is assigned certain powers to protect these admirable projects, but the monies being monitored are not State monies and the State, when entering into a will contest to protect a charitable trust, is not engaged in "preserving the public rights, revenues and property from injury and loss." Sullivan, supra. The charitable trust is the real party in interest, not the State of Ohio. The State provides legal representation to these charitable trusts through the powers it obtained from statutory law, but it is not the State's revenues and property being protected. Case law indicates that public rights, revenues and property that are connected with lesser governmental entities than the State are not exempt from statutes of limitations. Justice Homes in Sullivan, page 139, supra, states, ". . . as the rule [ nullum tempus occurrit regi] is an attribute of sovereignty only, it does not extend to townships, counties, school districts or boards of education, and other subdivisions of the State, nor, at least in some cases to municipalities . . . [citations omitted]". A further example of the fact that it is only the rights, revenues and property of the State, and not a subdivision, that are exempt from statutes of limitations is set forth by the following cases: a county treasurer, bringing an action to recover ditch assessments, was barred by the six year statute of limitations, Hartman v. Hunter, Treasurer, 56 Ohio St. 175, 46 N.E. 577 (1897) but a county treasurer was not barred by the statute of limitations in recovering personal property taxes because the State was the real party in interest in regard to the personal property taxes. Wasteney v. Schott, Treasurer, 58 Ohio St. 410, 51 N.E. 34 (1898). Therefore, the State must be the real party in interest before a discussion on whether any particular statute of limitations applies against the State. The statutory granting of certain powers to the State Attorney General in regard to charitable trusts does not make the State the real party in interest. This conclusion is based on how the concept of "state" has been interpreted in case law in regard to the maxim nullum tempus occurrit regi. Therefore, the charitable trust is the real party in interest and the statute of limitations is applicable to the situation in the case sub judice.